Submitted on record October 13, 1921, order of disbarment February 21, 1922.

## STATE OF OREGON EX REL. YOUNG ET AL. *v.* EDMUNSON.

### (204 Pac. 619.)

**Attorney and Client—Violation of Prohibition Law and Publication of Scandalous Matter Concerning Another are Crimes Involving "Moral Turpitude" Within Disbarment Statute.**

1. The violation of the prohibition law and the willful publication of false and scandalous matter concerning another are crimes involving "moral turpitude" within Section 1092, subdivision 1, Or. L., providing that an attorney may be disbarred on conviction of a crime involving "moral turpitude."

**Attorney and Client—An Attorney is a "Public Officer."**

2. Under Sections 1076, 1077, 1080, 1082, Or. Laws, an attorney is a "public officer."

**Attorney and Client—Violation of Prohibition Law and the Publication of False and Scandalous Attacks on Another Held Ground for Disbarment.**

3. An attorney who violated the prohibition law and who willfully published false and scandalous matter concerning another will

be disbarred under Section 1092, subdivision 1, Or. Laws, making the conviction of a crime involving moral turpitude ground for disbarment, and Section 1082, subdivision 1, requiring an attorney to support the Constitution of the United States and the State of Oregon, and Laws of 1901, page 67, as amended by Laws of 1915, Chapter 259, now Section 1091, Or. L., providing for disbarment where it shall appear that attorney's conduct has been such that if he were applying for admission the application would be denied.

**Attorney and Client—Supreme Court has Inherent Power to Disbar Attorney for Cause.**

4. The Supreme Court, having authority to admit an attorney to practice, has inherent authority to disbar such attorney for cause.

Original proceedings in disbarment.

In Banc.

This is an original proceeding instituted in this court by Donald Young, Chas. M. Stevens and J. S. Medley, Grievance Committee of the Lane County Bar Association, for the purpose of effecting the disbarment of Leon R. Edmunson from further practice as an attorney at law within the State of Oregon.

Among other things the information avers that the Grievance Committee of the Bar Association "have found reasonable grounds to believe, and do believe, that Leon R. Edmunson has been guilty of misconduct in his profession, and has been convicted of misdemeanors involving moral turpitude, and that the same deserves and merits disbarment."

The accusation contains a statement of alleged facts constituting violations of city ordinances and statutes of the state. It is averred that Edmunson has been convicted, first, of disorderly conduct; second, of wrongful and unlawful possession of intoxicating liquor; third, of the crime of libel; fourth, of unlawfully selling intoxicating liquor; and it is further alleged that on April 26, 1921, a complaint was filed in the Justice Court, charging Edmunson with the crime of selling intoxicating liquor in violation of Chapter 30, General Laws of Oregon for 1917; that

Edmunson was never arrested on this charge for the reason that he fled from the State of Oregon before a warrant of arrest could be served upon him, and that he ever since has been, and now is, a fugitive from justice.

Upon proper showing an order was made by this court:

"That said Leon R. Edmunson appear and answer said charge in this court on the thirteenth day of October, 1921, at the hour of 1 o'clock in the afternoon, or the court will proceed to hear and determine the same without his presence."

Service of the order was had by publication.

Edmunson filed his answer denying that he has been engaged in the practice of law at Eugene, Oregon, since January, 1917, and further denied "that the offenses or misdemeanors alleged in the said Grievance Committee's complaint in any sense involve moral turpitude or misconduct in the practice of law." He further alleged that "the said complaint is filed by said Grievance Committee in bad faith * * , founded upon personal prejudice, enmity and malice."

For a "further and more detailed answer," he says:

"That prior to the alleged offenses stated in said Grievance Committee's complaint, it was not a violation of the laws of Oregon or the United States to use intoxicating liquor; that the same was made a misdemeanor in the State of Oregon, also under statutes of the United States; that while the prohibition laws have been made constitutional, they have not become institutional, and a large percentage of the people of Oregon, and of the United States, do not adhere to said laws, for the reason that the same is an abridgment of personal liberty and contrary to our theory of self-government; that the overzealous crib-feeders magnify its importance in their attempted enforcement."

He then launches an attack upon certain other members of the Lane County Bar. To print his scurrilous statements concerning other lawyers would serve no good end here. This inquiry concerns the acts of the defendant. We are confined to the record before us.

For the purpose of taking testimony herein, S. M. Calkins was appointed referee, the relators appearing by Mr. J. S. Medley and Donald Young. The defendant, failing to appear, made default. Testimony was offered in support of the charges contained in the information.

Thereafter, the defendant proffered a demurrer, challenging the information "upon the grounds and for the reason, to wit: that the same does not constitute sufficient grounds upon which a proceeding for disbarment can be based."

BROWN, J.—1. The information filed by the Grievance Committee states facts sufficient to show that Leon R. Edmunson has been convicted of a crime involving moral turpitude.

"Moral turpitude is anything done contrary to justice, honesty, principle or good morals." Words & Phrases. Citing *In re Disbarment of Coffee,* 123 Cal. 522 (56 Pac. 448, 449). To like effect see *In re Hopkins,* 54 Wash. 569 (103 Pac. 805); 2 Thornton on Attorneys at Law, § 857.

The sale of intoxicating liquor, by an attorney at law, contrary to the provisions of the prohibition law, constitutes a crime involving moral turpitude. Any person who knowingly and willfully publishes false and scandalous matter concerning another commits an act constituting a crime which involves moral turpitude. Both of the above crimes, and others, were alleged to have been committed by the defendant.

The accusation alleges facts which, if true, constitutes a violation of the provisions of subdivision 1 of Section 1092, Or. L., and of other provisions of the statute as well. The pleading is sufficient.

The theory of the accusers that the defendant has committed acts sufficient to constitute grounds for disbarment has been fully outlined in the information on file herein, and we will add that the charges have been sustained by the evidence and are supported by the law. Subdivision 1 of Section 1092, Or. L., makes the record of Edmunson's conviction conclusive evidence thereof.

2. Under our Code, an attorney is a public officer who has been admitted or may hereafter be admitted as such by the Supreme Court of this state: Section 1076, Or. L. An applicant for admission as an attorney must apply to the supreme court and must show, among other things, that he is a person of good moral character: Section 1074, Or. L. If, upon examination, he be found qualified, an oath shall be administered to him "to support the constitution and laws of the United States and of this state": Section 1080, Or. L. Section 1082, Or. L., prescribes the duty of an attorney. Subdivision 1 of this section requires him "to support the constitution and the laws of the United States and of this state." Relative to removing or suspending an attorney from practice, Section 1092 provides that:

"An attorney may be removed or suspended by the Supreme Court for either of the following causes, arising after his admission to practice:

"1. Upon his being convicted of any felony or of a misdemeanor involving moral turpitude, in either of which cases the record of his conviction is conclusive evidence;

"2. For a willful disobedience or violation of the order of a court requiring him to do or forbear an act connected with or in the course of his profession;

"3. For being guilty of any willful deceit or misconduct in his profession;

"4. For a willful violation of any of the provisions of Section 1082."

In addition hereto, the legislative assembly of 1901 enacted a statute "to regulate disbarment proceedings," which was amended by Chapter 259, Laws of 1915 (Section 1091, Or. L.) to read:

"Any member of the bar of this state shall be disbarred by the Supreme Court, upon proper proceedings for that purpose, whenever it shall appear to that court that his conduct has been such that if he were then applying for admission to the bar his application should be denied."

3. The accusation made by the Grievance Committee of the Lane County Bar Association avers the conviction of the defendant of a number of misdemeanors involving moral turpitude, which likewise constitutes a willful violation of subdivision 1 of Section 1082, Or. L. To support is to uphold; to maintain. No bootlegger is a supporter of the Constitution and laws of the United States and of the State of Oregon. An attorney at law takes an oath to support the Constitution and laws of the United States and of this state, and it is made his special duty so to do. He cannot consistently be both attorney at law and bootlegger at one and the same time.

It appearing to the court from the accusation and the proof that Edmunson's conduct has been such that he would not be admitted to the bar upon application therefor if it were known that he had been convicted of the numerous misdemeanors charged in the information, it follows that he must be disbarred

also by virtue of the provisions of Section 1091, Or. L.

The possession of intoxicating liquor may be such as to constitute only a technical violation of the law, depending upon the circumstances and the purpose of such possession. These statutes are not invoked to punish a technical offense, but the evidence shows that some of the crimes averred were deliberately committed. The libel committed by the defendant in the case at bar was a deliberate crime. His selling of intoxicating liquor was a premeditated offense.

From 6 C. J., 585, note A, we take the following excerpt containing a concise statement of the law of this case:

"If the evidence of such moral character must be produced in order to obtain the license, it is equally essential that this character should be retained; and when an attorney commits an act, whether in the discharge of his duties as such or not, showing such want of professional or personal honesty as renders him unworthy of public confidence, it is not only the province but the duty of the court, upon this fact being made to appear, to strike his name from the roll of attorneys. Nor is it necessary that the offense should be of such a nature as would subject him to an indictment. He has by his own misconduct divested himself of qualifications that are indispensable to the practice of his profession; and while he may regard the judgment depriving him of that right as a punishment for the offense, the action of the court is based alone upon the ground of public policy and for the public good. It would be carrying the doctrine too far to hold that an attorney must be free from every vice, and to strike him from the roll of attorneys because he, may indulge in irregularities affecting to some extent his moral character, when such delinquencies do not affect his personal or professional integrity. To warrant his removal his character must be bad in such respects as show him to

be unsafe and unfit to be intrusted with the powers and duties of his profession; and it is not essential that this misconduct or bad character should be in respect to some deceit, malpractice, or misdemeanor practiced or committed in the exercise of his profession only; but in the exercise of a sound discretion the court should entertain only such charges as are in their nature gross, and unfit a person for an honest discharge of the high and responsible trust reposed in an attorney." *State* v. *McClaugherty,* 33 W. Va. 250, 258 (10 S. E. 407).

The case of *Underwood* v. *Commonwealth,* 32 Ky. Law Rep. 32 (105 S. W. 151), was a disbarment proceeding. Underwood was convicted three times of the offense of retailing intoxicating liquor in violation of the local option law. Much of what the court there said is applicable to the case at issue, and we quote the following with approval:

"To be admitted to the bar, a person must not only be learned in the law, but possess a character of honesty, probity and good demeanor. * * The continued possession of character is as essential to maintain his relation as an attorney at law, as it is to have it in the first instance to be admitted. The office is one peculiarly of confidence. Not only do his clients repose trust in his integrity, but, as an officer of the court, in the matter of administering justice, his privileges and duties are such as to constantly call for the exercise of fidelity, both to his client, and to the state. A lawyer without good character is not only a reproach to his profession, but he brings into public distrust, and is a very menace to, the administration of justice itself. All courts have, as an incident of the power to admit attorneys to their bar, the power to disbar them for such conduct as shows they are not longer worthy of confidence.

"It is not necessary that the misconduct should be such as would render him liable to criminal prosecution. If it shows that he is unfit to discharge the

duties of his office, is unworthy of confidence, even though the conduct is outside of his professional dealings, it is sufficient. If he is not honest; if he is not moral; if he is not of good demeanor; he may be disbarred, and should be. His office is a very badge of respectability; a patent of trustworthiness, derived from his position on the court's roll of counsel. He ought not to be suffered to pass for what he is not.

"Selling of liquor is not *per se* immoral. But selling liquor in known violation of law is wrong. It is not good demeanor. One so engaged would not be admitted to the bar, no matter how learned in the law. On the same ground, he ought not to be allowed to remain on the court's roll * * *."

In that case the court then made further comment relating to the official character of the defendant that has no application here.

4. Having authority to admit an attorney to practice in the courts of Oregon, the Supreme Court has inherent power to disbar such attorney for cause: 6 C. J. 580; 2 Thornton on Attorneys at Law, § 857.

Under the provisions of our Code herein noted, an attorney may be disbarred whenever he has been guilty of a misdemeanor involving moral turpitude, and upon other grounds.

We find in Edmunson a violator of the law. It is made his duty by statute and by oath to support the Constitution and laws of the United States and of this state. He has not only failed to uphold the laws, but he has knowingly become a lawbreaker. He has offended against the prohibition law by selling intoxicating liquor. He has violated a statute denouncing as a crime the act of willfully and knowingly, with intent to injure and defame, publishing of and concerning another false and scandalous matter. Such is the character of Edmunson, the man

and citizen.   The character of every lawyer is moulded and controlled by his character as a man.

THEREFORE, IT IS HEREBY ORDERED, that Leon R. Edmunson be disbarred from the practice of law in any of the courts of this state, and that his name be stricken from the roll of attorneys in this court.