STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, RELATOR, V. RALPH J. SCOVILLE, RESPONDENT.

FILED JULY 1, 1932. No. 28225.

458

*C. A. Sorensen*, Attorney General, and *Clifford L. Rein*, for relator.

*P. F. O'Gara* and *Ralph J. Scoville*, for respondent.

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and BEGLEY and BLACKLEDGE, District Judges.

DAY, J.

This proceeding was instituted by the attorney general to discipline an attorney at law. The petition charges that the attorney committed personal misconduct and sustained a disqualifying depreciation in moral and professional character sufficient to warrant disbarment. The specific charge is: "That on October 26, 1929, in the United States district court for the district of Nebraska, Norfolk division, the defendant Ralph J. Scoville was convicted of the felony denounced by section 85 of the Penal Code of the United States of America and consisting of a conspiracy to extort $10,000 in money from one Frank Tillman, Junior; and that attached hereto, made a part hereof and marked 'exhibit A' is a duly certified transcript of the record of the indictment, arraignment, plea, trial and conviction of the said defendant." The defendant in his answer admits the conviction, but alleges that at the time and for a period of about seven years prior thereto he had not engaged in the practice of law or giving counsel to a client.

This matter comes before the court upon a motion of the attorney general for a judgment on the pleadings.

Where, upon statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court. *Manning v. City of Orleans*, 42 Neb. 712; *Scofield v. Clark*, 48 Neb. 711; *Connor v. Becker*, 62 Neb. 856. The conviction of an attorney for a felony involving moral turpitude is a sufficient cause for disbarment. *Morton v. Watson*, 60 Neb. 672; *In re*

*Disbarment Proceedings of Newby,* 76 Neb. 482; *In re Hopkins,* 54 Wash. 569. This rule has been applied in cases of convictions for extortion and attempted extortion. *In re Coffey,* 123 Cal. 522. Participation in extortion is unprofessional conduct. *In re Bartlett,* 47 S. Dak. 208; *In re Coffey,* 123 Cal. 522. In the *Manning* case, *supra,* there is dictum which would seem to indicate that a conviction of a crime would not affect the result of a disbarment proceeding. But in the *Scofield* case a different view is suggested and is now definitely announced. The difficulty in the early cases was due to the fact that it had not yet been determined whether a disbarment proceeding was a criminal or a civil action. This court has held that a disbarment proceeding is in the nature of a civil action. *State v. Priest,* 118 Neb. 47. In this case, we held that a final judgment in a suit for an accounting was conclusive evidence of a misappropriation of funds belonging to a client. A judgment of a court in a criminal case under the strict rules for the protection of the defendant ought to have at least as much weight as a judgment rendered in a civil case upon a mere preponderance of the evidence.

The term "felony" comprehends an offense that may be punished with imprisonment in the penitentiary. Comp. St. 1929, sec. 29-102.

Conspiracy to extort money under federal laws carries a maximum imprisonment penalty of two years. U. S. Code Ann. title 18, sec. 88, p. 125; U. S. Code Ann. title 18, sec. 171, p. 325. Extortion or attempted extortion or a conspiracy to effect the same carries a maximum penalty of more than a year in the penitentiary under the statutes of Nebraska. Comp. St. 1929, secs. 28-453, 28-457.

The defendant in his answer alleges and argues before this court that the offense, which he does not admit, was not committed in his professional capacity. The statutes provide that no person shall be admitted to the bar unless such person is of good moral character. Comp. St. 1929, sec. 7-102. Good moral character is a universal re-

quirement for admission to the bar. Would it be seriously contended that the defendant, with the recent conviction of a felony involving moral turpitude, was possessed of such good moral character as would entitle him to admission to the bar? Surely, it would not.

In an early case, this court held: "In granting a license to practice law it is on the implied understanding that the party receiving it shall in all things demean himself in a proper manner, and abstain from such practices as cannot fail to bring discredit upon himself, the profession, and the courts." *State v. Burr,* 19 Neb. 593.

In order to retain license to practice law, an attorney must abstain from conduct which establishes a depreciation of good moral character. It was obviously the legislative intent and recommendation that those who exercise the prerogatives of an attorney should be persons of good moral character. It would avail nothing from a practical standpoint to insist upon good moral character at the time of admission to the bar, if we failed to take cognizance of moral relapses thereafter.

Misconduct of an attorney, indicative of moral unfitness for the profession sufficient to deny an applicant admission to the bar, even if the act is not committed in a professional capacity, justifies disbarment. *In re Disbarment of Cary,* 146 Minn. 80; *In re Disbarment of Moerke,* 184 Minn. 314; *In re Morrison,* 43 S. Dak. 185; *In re Stolen,* 193 Wis. 602, affirmed on rehearing, 193 Wis. 627.

The motion for judgment on the pleading should be sustained. It is, therefore, the order of the court that a judgment of disbarment be entered, that the defendant be enjoined from the further practice of law in this state and his name be stricken from the roll of attorneys.

JUDGMENT OF DISBARMENT.