570

STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, RELATOR, V. ROLLAND F. IRELAND, RESPONDENT.

FILED NOVEMBER 24, 1933. No. 28228.

*Paul F. Good, Attorney General,* and *Paul P. Chaney,* for relator.

*Rolland F. Ireland* and *Ralph S. Moseley,* for respondent.

Heard before GOOD, EBERLY and DAY, JJ., and CHAPPELL and LANDIS, District Judges.

EBERLY, J.

The attorney general of the state commenced this as a disbarment proceeding against Rolland F. Ireland, an attorney at law, by filing a complaint in this court. After certain preliminary proceedings issues were joined by the defendant, and Honorable Herbert W. Baird was appointed referee to take evidence and report thereon his findings of fact and conclusions of law. A public hearing was had at which defendant was represented by counsel, and evidence was introduced in behalf of the state and of the defendant.

"In substance the charges upon which the proceeding was tried and upon which evidence was adduced were (as stated in the referee's report) that Rolland F. Ireland obtained $12 from the City National Bank of Crete, Nebraska, on October 19, 1929, upon the faith of a check which he did not have funds on deposit in the bank to pay; that he

obtained $17 from the Bank of Wilber on the 17th day of March, 1931, under the same circumstances; that he obtained $15 from the First National Bank of Friend, Nebraska, on an unknown date but by the drawing and delivery of a check for which he had not sufficient funds on deposit. Further, that Rolland F. Ireland misconducted himself by soliciting and receiving from his clients for court costs in promised litigation, which was never commenced, certain moneys which on repeated request and demand he failed to expend or apply to the specified and agreed purposes, or return to his said clients, and that the persons from whom he obtained said funds were Elvin Thompson of Western, Nebraska, from whom he received $75 about October 15, 1930; C. D. Kunz of Elmwood, Nebraska, $125 about October 9, 1930; Dr. E. T. McCrea of Table Rock, Nebraska, $125 about November 1, 1930; August H. Bornemeier, Elmwood, Nebraska, $125 about October 20, 1930; Nels S. Swanson of Swedeburg, Nebraska, $125 about November 8, 1930; Edgar Ericson, Wahoo, Nebraska, $125 about November 2, 1930; R. L. Panska, Elmwood, Nebraska, $75 about October 8, 1930. That the said Ireland did not undertake said litigation in good faith and did not expect to commence any of said suits."

At the conclusion of such hearing the referee made findings of fact, which may be summarized as follows:

"That the defendant obtained money by the passing of checks, intending thereby to defraud the payee of said checks; that his acts in each instance constituted a misdemeanor involving moral turpitude; that no prosecution has been instituted in any case based on these acts but that they are admitted by the defendant by virtue of a stipulation herein filed. Your referee further finds that the defendant has been guilty of professional misconduct in the matter of the claims heretofore enumerated which he solicited for suit against the National Mortgage & Loan Co., and the sums that he collected for suit upon such claims, for the reason that the defendant knew that, through lapse of time and other causes, said claims were

uncollectible and even after his being employed and receiving compensation made no adequate effort to bring suit and collect upon said claims nor to return the funds solicited by him to his clients."

In consideration of the objections of the defendant to the report of the referee, as well as the motion of the attorney general for disbarment of the defendant, we have carefully read the evidence and our conclusion is in accord with the conclusions of the referee.

As we said in *State v. Priest*, 123 Neb. 241: "The purpose of a disbarment proceeding is not so much to punish the attorney as it is to determine in the public interest whether he should be permitted to practice. Attorneys, upon their admission to practice law, assume certain obligations and duties, and in their performance they must conform to certain standards in relation to clients, to courts, to the profession, and to the public. *State v. Kern*, 203 Wis. 178; *State v. Barto*, 202 Wis. 329; *In re Egan*, 52 S. Dak. 394."

"In granting a license to practice law it is on the implied understanding that the party receiving it shall in all things demean himself in a proper manner, and abstain from such practices as cannot fail to bring discredit upon himself, the profession, and the courts." *State v. Burr*, 19 Neb. 593.

The evidence establishes that the defendant has failed to conform to the high standards of his profession. He has been disloyal to the solemn trust imposed upon him by his clients, and, in fact, as we view the evidence in the record, secured the money paid him, as charged in the complaint, by the equivalent of fraud and deceit. Further, extended discussion is wholly unnecessary, for such conduct by an attorney cannot, and will not, be condoned.

It is the judgment of this court that we approve and confirm the findings and conclusions of the referee herein; and it is ordered that the admission of the defendant Rolland F. Ireland to the bar of this state shall be canceled and annulled, and his name be stricken from the rolls of attorneys and counselors at law.

JUDGMENT OF DISBARMENT.