STATE, EX REL. WILLIAM H. WRIGHT, ATTORNEY GENERAL, PLAINTIFF, V. CECIL V. SOWARDS, DEFENDANT.

278 N. W. 148

FILED FEBRUARY 25, 1938. No. 30068.

*Richard C. Hunter, Attorney General, Milton C. Murphy* and *Francis V. Robinson,* for plaintiff.

*Cecil V. Sowards, W. F. Wehmiller* and *E. L. Hyde,* for defendant.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

The attorney general has filed this proceeding for disbarment against Cecil V. Sowards. The complaint is that on or about December 8, 1936, he was convicted of two felonies. An answer admits the convictions described, but alleges that the judgments of conviction are not final and absolute. The answer also alleges that at the time he was only a clerk and was not employed as an attorney. This court appointed the Honorable Bern R. Coulter as referee, who held an open public hearing. A motion now requests that we enter a judgment on the report of the referee.

At the time of the conviction of embezzlement he was employed by the Resettlement Administration, and was charged with embezzling the sum of $150. He was tried in the district court for Cheyenne county on the 2d day of December, 1936, and the jury returned a verdict finding the defendant guilty of embezzlement. He was also charged with another embezzlement of $35, and was tried to a jury

which convicted him on December 7, 1936. The sentence and judgment in each of the two felony cases were entered on the 8th day of December, 1936, and no appeal was taken from the judgment. In the first case he was sentenced to the penitentiary for eighteen months, and in the second case for a period of a year. In the instant case the defendant was called as a witness in his own behalf, and offered to explain the misapplication of the funds which were the basis of the claim against him. The referee sustained the objection of the state to this line of testimony on the theory that the sentence of the jury and the judgment in the criminal case were conclusive as to these matters, and for the further reason that the defendant was not charged in this proceeding with a misapplication of funds, but with conviction of these two felonies, which conviction had become final and absolute.

At the time of this hearing before the referee, the defendant was serving a sentence in the penitentiary. No appeal was taken within the statutory time. It was also found as a fact that the defendant was acting as a clerk and not as an attorney at the time of the wrongful acts.

The referee in his report makes the following conclusions of law: The misconduct of an attorney indicative of moral unfitness sufficient to deny an applicant admission to the bar, even if the act is not committed in a professional capacity, justifies disbarment. *State v. Scoville*, 123 Neb. 457, 243 N. W. 269.

An attorney upon his admission to practice law assumes certain obligations and duties, and in their performance he must conform to certain standards in regard to clients, to the courts, to the profession, and to the public. *State v. Ireland*, 125 Neb. 570, 251 N. W. 119.

In general, it may be stated that a conviction of a felony or misdemeanor involving moral turpitude as such term is defined by the statutes is conclusive evidence warranting disbarment. *State v. Scoville, supra.*

The purpose of a disbarment proceeding is not so much to punish the attorney as it is to determine in the public

interest whether he should be permitted to practice. *State v. Ireland, supra.*

The report of the referee as to findings of fact and conclusions of law is approved and adopted by this court. The judgment is that admission of Cecil V. Sowards is canceled, and his name stricken from the roll of attorneys. It is further ordered that Cecil V. Sowards is enjoined from practicing law directly, or indirectly through his agents or attorneys.

JUDGMENT OF DISBARMENT.