STATE EX REL. NEBRASKA STATE BAR ASSOCIATION,
RELATOR, v. HUBERT J. PRICE, RESPONDENT.

13 N. W. 2d 714

FILED MARCH 31, 1944. No. 31514.

.Original proceeding by the state, on the relation of the Nebraska State Bar Association, against Hubert J. Price. *Judgment for respondent.*

*Walter R. Johnson, Attorney General, H. Emerson Kokjer* and *John H. Comstock,* for relator.

*Harry F. Russell* and *Edward E. Carr,* for respondent.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

The Committee of Inquiry for the Thirteenth Judicial District of Nebraska, pursuant to the provisions of article XI of the Rules Creating, Controlling and Regulating Nebraska State Bar Association, filed their complaint in this court against Hubert J. Price of Cozad, Nebraska, for his discipline or disbarment as a duly admitted and practicing lawyer of the Nebraska bar.

The complaint was filed in the name of the State of Nebraska ex rel. Nebraska State Bar Association, as plaintiff, who will be referred to herein as the state, and against Hubert J. Price, as defendant, who will be referred to herein as the defendant.

The complaint contains two counts. The first count grew out of an automobile accident near Cozad, Nebraska, on December 21, 1940, and charges the defendant with: (a) Attempting to persuade James Scott to commit perjury by falsely testifying that Earl Turpin was employed by Scott at the time of the accident, when he, the defendant, knew that Turpin was not so employed; (b) Soliciting James Scott to employ the defendant in his capacity as an attorney to represent Scott in connection with said automobile accident; (c) Attempting to bribe R. E. Bannister, a practicing attorney at Cozad, Nebraska, by offering him $500 if he, Bannister, would procure and induce James Scott and Wreford W. Beckley to testify falsely that Earl Turpin was in Scott's employ and working for him on December 21, 1940, at the time of the accident, when he, defendant, knew such facts to be false; and (d) Attempting to bribe and persuade Wreford W. Beckley to commit perjury by testifying falsely that he, Beckley, had employed the said Earl Turpin for and on behalf of James Scott on December 21, 1940, he, the defendant, knowing such fact to be false. The second count grew out of a car accident near Cozad, Nebraska, on July 25, 1941, and charges the defendant with: (a) Soliciting Evert Kincheloe to employ the defendant in his capacity

as an attorney to represent Kincheloe in connection with claims for damages sustained in said automobile collision; and (b) Soliciting Dr. John W. Neslund to employ the defendant in his capacity as an attorney to represent him as to his account for services rendered to Evert Kincheloe resulting from and sustained by reason of said accident.

To this complaint the defendant filed his answer. Upon motion of the state, B. F. Butler, a member of the Nebraska bar residing at Cambridge, Nebraska, was appointed referee. After hearing was had the referee filed his report in this court on September 14, 1943. To this report the defendant filed his exceptions.

The defendant's exceptions raise two questions: First, the sufficiency of the evidence to sustain the charges specified in counts one and two of the complaint; and, Second, that no such unprofessional conduct can be considered in this cause which is not specifically contained in or raised by the complaint itself.

While a disbarment proceeding is essentially a civil proceeding and the recognized rules governing that practice are controlling, *State ex rel. Nebraska State Bar Assn. v. Bachelor*, 139 Neb. 253, 297 N. W. 138, however, the nature of the proof required is stated in *In re Newby*, 82 Neb. 235, 117 N. W. 691, and approved in *State ex rel. Nebraska State Bar Assn. v. Bachelor, supra*: " 'While the proceedings in this matter are not criminal in their nature, in view of the momentous consequences to the person charged, involving his means of obtaining a livelihood from his profession and his reputation as an honest and honorable man, the presumption of innocence applied, and his culpability must be established by at least a clear preponderance of the evidence. The court should be satisfied to a reasonable certainty that the charges are true.' "

While the referee's report is not entirely clear, it would seem that he finds the defendant not guilty of the matters specifically charged in counts one and two of the complaint and with this we agree. From an examination of the record, we cannot say that we are satisfied that the defendant

is entirely innocent of the charges made against him, nor can we say that we are satisfied to a reasonable certainty of his guilt. Under these conditions it is our duty to give the defendant the benefit of the doubt and to hold that the charges have not been sustained by the evidence.

The defendant further contends that no unprofessional conduct can be considered which is not specifically contained in or raised by the complaint itself. It appears, from the reading of the referee's report, that because of the way in which the defendant generally conducted his law practice, and more particularly with reference to certain letters, including one of February 11, 1941, to the National Mutual Casualty Company of Tulsa, Oklahoma, which was written after he was discharged by Earl Turpin, that some disciplinary action should be taken, if possible, under the charges made in the complaint. This letter has particular reference to the violation of the rule as announced in *Federal Trust Co. v. Damron,* 124 Neb. 655, 247 N. W. 589, that, "An attorney, after receiving the confidence of a client, may not enter the service of others whose interests are adverse to such client, in the same subject-matter to which the confidence relates, or in matters so closely allied thereto as to be, in effect, a part thereof. 1 Thornton, Attorneys at Law, 307" and to the solicitation of legal business, which this court has condemned in *State ex rel. Hunter v. Crocker,* 132 Neb. 214, 271 N. W. 444, and *State ex rel. Sorensen v. Goldman,* 127 Neb. 340, 255 N. W. 32.

Under article XI of the Rules Creating, Controlling and Regulating Nebraska State Bar Association, pursuant to which this proceeding is being prosecuted, section 7 provides in part as follows: " * * * said committee shall immediately reduce or cause the charges to be reduced to writing, *specifying with particularity the facts which constitute the basis thereof * * * .*" After the complaint is sent to the clerk of this court by the Committee of Inquiry, it may be amended by the Advisory Committee as provided in section 8: "If the Advisory Committee determines that probable cause for disciplinary action exists, it shall trans-

mit its report, the report of the Committee of Inquiry, the transcript, and the complaint submitted by the Committee of Inquiry, *together with such amendments thereto as to it may seem proper,* to the Clerk of the Supreme Court who shall forthwith enter the same upon the docket of the court as an original action." After the complaint is filed in this court, section 11 further provides: "The Attorney General or attorney so appointed may in his discretion prepare and file an amended or new complaint, and in case he has in his possession evidence which in his opinion warrants disciplinary action or any additional charge or charges, *he may incorporate such additional charge or charges in the complaint and prosecute same regardless of the fact that such new charge or charges have not been presented to the Committee of Inquiry or considered by the Advisory Committee.*" (Italics ours.)

Certainly the defendant in this case, whose means of livelihood are affected by its results, should have a right to know upon what particular facts the state was going to rely in claiming that he should be disciplined or disbarred. The provisions of the rules of the Nebraska State Bar Association, under which this proceeding was had, so provide. The defendant had a right to rely upon the fact that the only matters to be considered were those particularly charged in the complaint and to meet whatever evidence the state offered in support thereof. Since the conduct of the defendant, upon which the referee recommends that he be disciplined, is not particularly set forth in the complaint, it was not properly before the referee and is not properly before this court and the merit thereof will not be here discussed. In a disbarment proceeding only those matters which are specifically charged in the complaint can be considered. The complaint is therefore dismissed.

JUDGMENT FOR THE DEFENDANT.