STATE EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, v. ELMER GUDMUNDSEN, RESPONDENT.

16 N. W. 2d 474

FILED NOVEMBER 16, 1944. No. 31636.

*Walter R. Johnson, Attorney General, H. Emerson Kok-jer* and *John H. Comstock,* for relator.

*Good & Simons,* for respondent.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is a disciplinary action and an original proceeding initiated in conformity with the rules of this court against Elmer Gudmundsen, respondent, who is a duly licensed attorney at law, bringing into question, by appropriate complaint, the right of said Elmer Gudmundsen to retain his license and to continue in the practice of law.

On filing of complaint the matter was duly referred to Bern R. Coulter, referee, for hearing, report and recommendation. A hearing was had, report made and the referee recommended some kind of disciplinary action short of disbarment.

The relator, by the attorney general, and the respondent each filed exceptions to the report. The hearing here is on the issues joined on the complaint, the evidence taken and the exceptions.

The complaint is of great length and the misconduct therein charged pertains to the conduct of respondent in his capacity as attorney for the estate of Festus Corrothers, deceased, and in his representation as attorney of the heirs, legatees and devisees of the said Festus Corrothers.

A brief summary of the charge is that he violated the canons of ethics of the Bar Association of the state of Nebraska and his duties as attorney, and was guilty of fraudulent conduct in the following respects and particulars: That he misrepresented the quantity and value of the personal property; that he misrepresented the value of the real estate, all to the detriment of the estate and the parties represented; that he falsely represented that one Lauda Zimmer and one Effie L. Smith were taking steps to establish themselves as children of Festus Corrothers, the purpose of which was to induce heirs of the estate to sell their respective interests to one George Manning for less than the true value; that while thus representing the estate and heirs, legatees and devisees he became attorney for George Manning and illegally conspired with him to cause the said heirs, legatees and devisees to convey their interest in the estate to Manning for less than the true value; that he failed to disclose to his clients his representation of Manning; and that by and through his conduct and in fraud of his clients he obtained for Manning by purchase at a price much below actual value the interest of certain, in fact nearly all, of the parties having an interest in the distribution of the estate.

The respondent joined issue on this complaint by a denial of the allegations thereof charging him with misconduct.

The charges against the respondent in the complaint in this disciplinary action are the same as were made against him in eleven actions in the district court for Grant county, Nebraska, as grounds for vacation and setting aside transfers of interest in the estate of Festus Corrothers, deceased, which actions were tried in that court. Decrees were therein entered setting aside and vacating the transfers as fraudulent. Appeal was taken to this court where the decrees, except as to certain particulars having no bearing here, were affirmed. Respondent was a party to those actions. He made defense thereto and appeared as a witness therein. The cases are reported as *Zimmer v. Gudmund-*

*sen,* 142 Neb. 260, 5 N. W. 2d 707. The records made and the bills of exception in those cases were introduced in evidence and thus are before the court in this proceeding.

In the decrees in those cases the trial court found that all of the charges which were made against the respondent in the complaint which is now before the court had been sustained. On a review *de novo* of said actions this court in *Zimmer v. Gudmundsen, supra,* specifically, and in positive and unequivocal terms, sustained the findings and decrees of the district court. We shall not repeat the findings but refer only to the opinion in that case.

The relator contends that the findings and judgment of this court in the previous cases on the conduct of the respondent, which is the basis of this action, are conclusive here.

The pronouncements of this court appear to support the contention although not positively so where the finding is in a civil action. *State ex rel. Wright v. Sowards,* 134 Neb. 159, 278 N. W. 148. In *State ex rel. Spillman v. Priest,* 118 Neb. 47, 223 N. W. 635, which was a disciplinary action, this court said: "In a disbarment proceeding, where the specification alleges that an attorney was guilty of unprofessional conduct, violated his oath as an attorney and betrayed the trust imposed on him, to the detriment of his client, in failing to account for money collected by him for his client and entrusted to him by his client for the purpose of investment, the final judgment of the court in a suit for an accounting brought by the client against the said attorney is a final determination as to the rights of the attorney and client to the fund in question." See, also, *State ex rel. Sorensen v. Scoville,* 123 Neb. 457, 243 N. W. 269; *State ex rel. Sorensen v. Kennedy,* 124 Neb. 789, 248 N. W. 314; *State ex rel. Wright v. Sowards, supra.*

Conviction of a criminal offense involving moral turpitude is conclusive in a later disciplinary action. *State ex rel. Wright v. Sowards, supra.* The decisions cast doubt upon this as a rule with regard to civil actions since findings in a civil action need only be supported by a prepon-

derance of the evidence, whereas in a criminal action they must be sustained by evidence beyond a reasonable doubt. It would appear that the findings to sustain disbarment must be sustained by a higher degree of proof than that required in civil actions, yet falling short of the proof required to sustain a conviction in a criminal action. The most recent pronouncement on this question is found in *State ex rel. Nebraska State Bar Assn. v. Price*, 144 Neb. 542, 13 N. W. 2d 714, as follows:

"While a disbarment proceeding is essentially a civil proceeding and the recognized rules governing that practice are controlling, *State ex rel. Nebraska State Bar Assn. v. Bachelor*, 139 Neb. 253, 297 N. W. 138, however, the nature of the proof required is stated in *In re Newby*, 82 Neb. 235, 117 N. W. 691, and approved in *State ex rel. Nebraska State Bar Assn. v. Bachelor, supra*: ' "While the proceedings in this matter are not criminal in their nature, in view of the momentous consequences to the person charged, involving his means of obtaining a livelihood from his profession and his reputation as an honest and honorable man, the presumption of innocence applies, and his culpability must be established by at least a clear preponderance of the evidence. The court should be satisfied to a reasonable certainty that the charges are true." ' "

The doubt arising from this situation does not require resolution here since the record before us does not only establish the culpability of the respondent by a clear preponderance of the evidence but beyond a reasonable doubt. In fact a sufficient number of the charges of culpability contained in the complaint are admitted to justify a judgment of disbarment.

It is thought, however, that this question should no longer remain in doubt. It is therefore the holding of this court that the finding in a civil action that an attorney at law has been guilty of conduct justifying disbarment is not conclusive on the same question when presented for determination in an action for disbarment; that notwithstanding the finding in the civil action the culpability of the at-

torney must be established in the disbarment action by a clear preponderance of the evidence. For this purpose the evidence taken at the trial of the civil action and all other competent evidence is admissible.

On the hearing before the referee a considerable amount of evidence was adduced testifying to the good repute of respondent in his home community and in the area where he carries on his professional activities but we find in this nothing which would take away from the enormity of the misdeeds pleaded and proved and nothing which should mitigate the consequences thereof to him.

It may well be said that the reputation of a man in his community is usually a good indication of character but this is not always so. Evildoers, unless they be callous indeed, do not parade their misdeeds.

Finally, it is contended by the respondent that this court is without jurisdiction to consider the exceptions of the relator to the report of the referee since they were not filed within the time provided by rule VIII of the Rules for Disciplinary Proceedings of this court.

An examination of the rule, which is the following, discloses that it in no wise affects the jurisdiction of this court to review the report of the referee or to otherwise examine the record and the proceedings: "Within 10 days after the filing of such report, either party may file written exceptions to such report. If no such exceptions are filed, the court in its discretion may consider the findings final and conclusive, and on motion shall enter such order as the evidence and law require."

The rule empowers the court, in its discretion, to consider the findings conclusive but does not require that this shall be done.

On the record, it is the finding of this court that the charges in the complaint against the respondent have been sustained. It is a further finding of the court that the conduct proved against the respondent disqualifies him for continuance as a member of the bar of the state of Nebraska. Accordingly his order of admission to the bar of the

state is annulled, and his name is ordered stricken from the roll of attorneys and counselors at law.

JUDGMENT OF DISBARMENT.