## MATTER OF JOSEPH SANTOSUOSSO.

Suffolk.    April 4, 1945. — July 6, 1945.

PRESENT: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Attorney at Law.  Practice, Civil,* Membership in bar.  *Evidence,* Competency, In disbarment proceeding, Evidence in another proceeding, Findings in another proceeding.

Statement by DOLAN, J., as to the nature of an inquiry, upon an information filed with the court, into alleged misconduct of an attorney at law.

The evidence adduced at the hearing of a suit in equity against an attorney at law at which he was present and represented by counsel, is admissible in a subsequent inquiry into alleged misconduct on his part upon an information filed with the court, and is entitled to such weight as the court may deem proper; but findings of material facts made by the trial judge in such suit in equity are not admissible in the inquiry.

INFORMATION, filed in the Supreme Judicial Court for the county of Suffolk on December 21, 1943.

A report to the full court was made by *Qua,* J.

*N.. Leonard,* designated to conduct the proceedings.

*F. L. Simpson,* for Santosuosso.

DOLAN, J.   This is an inquiry into certain alleged misconduct of Joseph Santosuosso, Esquire, a member of the bar.   The proceeding came before a single justice of this court upon an information filed by the Bar Association of the City of Boston.   The case comes before us upon a report of the single justice as follows: "This matter came on to be heard before me on the merits.   At the beginning of the hearing the petitioner offered in evidence the following: (1) The entire printed record now in the files of the clerk of the Supreme Judicial Court for the Commonwealth of Massachusetts of a civil case in equity which was commenced in the Superior Court for Suffolk County and entitled *City of Boston* vs. *Joseph Santosuosso, et al.,* Superior Court Docket No. 47350 Equity, being the entire record of said case on appeal before the full court, Docket Equity No. 3856, opinion dated November 22, 1940, reported 307 Mass. 302.   (2) The Findings and Order in that case made in the Superior Court by Fosdick, J. and filed on February 16, 1938, which findings are included in the printed record above referred to, at pages 643 to 649 thereof.   A copy of said entire printed record is annexed hereto and made a part hereof and marked A.   The respondent objected to the admission in evidence of all and of any part thereof. The counsel designated by the court to conduct the proceedings in this case stated that he had no other evidence to offer in support of the petition.   At the hearing each counsel stated he was unable to produce Frederick H. Graves.   It therefore appeared that the questions of law whether the offered evidence was competent for any purpose, and if competent at all, what effect should be given to it, would probably be decisive of this present case.   Being in doubt as to both questions, I reserved my ruling thereon, and now I report the questions of law as to the competency and the effect of the evidence to the full court for determination.   If none of the offered evidence is competent for any purpose, the present petition is to be dismissed.   If the evidence or any part of it is competent for

any purpose, the petition is to stand for further hearing in accordance with such decision as the full court may make upon the effect to be given to the evidence."

Counsel for Mr. Santosuosso argues that the proffered evidence is not admissible under the doctrine of res judicata, and also that, apart from the doctrine of res judicata, the statements made by the judge of the Superior Court in his findings and decree are inadmissible as evidence. These contentions call for a consideration of the nature of the present proceeding. It is settled that it is an inquiry and not an adversary proceeding. *Boston Bar Association* v. *Casey*, 211 Mass. 187, 191–192. *Matter of Keenan*, 287 Mass. 577, 583. It is commenced not by a petition for disbarment but rather by an information wherein the matters there set forth are brought to the attention of the court with a prayer, not for disbarment or other specific disciplinary action, but rather for such action as the court may deem fit. It is in essence a submission to the court of the alleged facts for investigation by the court and such disposition as the court deems proper. The counsel designated by the court to conduct the proceeding is but an officer nominated by the court to assist in the inquiry to be made by the court itself. The proceeding is not an action at law in the strict sense nor a suit in equity. As was said in *Boston Bar Association* v. *Casey*, 211 Mass. 187, 191, it "is not a proceeding between two parties where the court is asked to adjudicate conflicting claims as to some right, corporeal or incorporeal, and where a decision favorable to one party is necessarily to that extent unfavorable to the other." The respondent is entitled to a fair trial in the light of the character of the proceeding, and to that end an opportunity to know all that he must meet and the right to present such evidence as he may be able to produce to rebut the representations of alleged misconduct.

A citation of the numerous cases decided in this jurisdiction and elsewhere, in which the required character of members of the bar and the powers and the duties of the court with respect to admission to and removal from the bar are considered, would serve no useful purpose. They

are crystallized in *Matter of Keenan*, 314 Mass. 544, where the court said: "The right to practise law is not one of the inherent rights of every citizen, as is the right to carry on an ordinary trade or business. It is a peculiar privilege granted and continued only to those who demonstrate special fitness in intellectual attainment and in moral character. All may aspire to it on an absolutely equal basis, but not all will attain it. Elaborate machinery has been set up to test applicants by standards fair to all and to separate the fit from the unfit. Only those who pass the test are allowed to enter the profession, and only those who maintain the standards are allowed to remain in it. To those who acquire and who retain the necessary qualifications is granted a monopoly of the honors and emoluments of a profession which more than any other is public in its nature and intimately connected with the highest functions of the State. Such a monopoly in a quasi public occupation is in no sense promoted and fostered for the personal advantage of individuals. It can be justified only on the ground that long experience has shown it to be absolutely essential to the public welfare. All this is familiar enough. It is adverted to here only for the purpose of emphasizing at the outset that in deciding a case of this kind considerations of public welfare are wholly dominant. The question is not whether the respondent has been 'punished' enough. To make that the test, would be to give undue weight to his private interests, whereas the true test must always be the public welfare. Where any clash of interest occurs, whatever is good for the individual must give way to whatever tends to the security and advancement of public justice" (pages 546–547). See *In re Lacy*, 234 Mo. App. 71, 92–93. These paramount considerations cannot be defeated by the application to such proceedings as the present one of the strict rules of evidence governing the trial of adversary proceedings between parties. The necessity for the preservation of the integrity of the courts and the safety of the public rises above the strictly technical rules of evidence that govern such adversary proceedings between parties. We are of opinion that the evidence contained in

the record offered by counsel designated by the court to conduct the proceeding, that is, the evidence adduced at the hearing in the Superior Court of the equity suit in question, at which the respondent, a party thereto, was present and represented by counsel, testified and had full opportunity to present and examine witnesses and to cross-examine those called by the plaintiff, is admissible in the present inquiry. See *State* v. *Gudmundsen*, 145 Neb. 324, 328. We reach this conclusion without dependence upon such cases as *Selling* v. *Radford*, 243 U. S. 46, and *Matter of Ulmer*, 268 Mass. 373, in each of which a judgment of disbarment in another jurisdiction was held to settle the issue that the attorney in question was unfit to practise. We are unwilling to attach such conclusive effect to a judgment at law or a final decree in equity, based upon alleged corrupt conduct on the part of a defendant attorney, where the judgment or final decree entered rests upon findings that the attorney has been guilty of corrupt conduct. It may be observed that this was the position taken by the single justice in the present case in connection with his action in overruling the demurrer to the respondent's answer. We concur therein. But we are of opinion that the evidence in the proceeding in equity in question is admissible in an inquiry such as the present, and like any other evidence is to be given such weight as the single justice shall deem proper, when considered together with all other evidence that the respondent may produce at the hearing, in the course of which he must be heard with full opportunity to present all relevant evidence that he may wish to adduce.

The foregoing view finds support in such cases as *In re Lacy*, 234 Mo. App. 71, *In re Pate*, 232 Mo. App. 478, *State* v. *Gudmundsen*, 145 Neb. 324, *Werner* v. *State Bar*, 24 Cal. (2d) 611, and *Fairfield County Bar* v. *Taylor*, 60 Conn. 11. See also *Matter of Becker*, 229 App. Div. (N. Y.) 62, 65–66; *S. C.* 255 N. Y. 223; Wigmore on Evidence (3d ed.) § 4 (7). In the *Gudmundsen* case the court, after stating that there had been some doubt as to the admission of evidence such as that offered in the present proceeding, said:

"It is thought, however, that this question should no longer remain in doubt. It is therefore the holding of this court that the finding in a civil action that an attorney at law has been guilty of conduct justifying disbarment is not conclusive on the same question when presented for determination in an action for disbarment; that notwithstanding the finding in the civil action the culpability of the attorney must be established in the disbarment action by a clear preponderance of the evidence. For this purpose the evidence taken at the trial of the civil action and all other competent evidence is admissible" (page 328). In the *Lacy* case, stressing that the right of an attorney to continue in the practice of law is dependent upon his remaining a fit and safe person to exercise the privilege and to uphold the integrity, dignity and purity of the courts, the court held that the proceeding was neither a criminal nor a civil one but was sui generis, a proceeding to protect the court and the public and not to punish, and that the inquiry should not be limited or circumscribed by the strict rules of evidence. In the *Werner* case the transcript of the evidence in a criminal case bearing on the alleged misconduct of an attorney was held admissible in evidence in proceedings for his disbarment. In the *Taylor* case a judgment had been obtained against an attorney, whose disbarment was sought, by a party whose case was based on allegations that Taylor had defrauded him. In disbarment proceedings against Taylor the court held that the hearing of the case was not a trial in the ordinary sense and that the judgment was admissible in support of the allegation of the presentment that it existed. It is true that there is authority to the effect that disbarment proceedings are governed by the same rules of law as are strictly legal proceedings, and that evidence such as that contained in the record offered in evidence in the present case is not admissible. See *People* v. *Amos*, 246 Ill. 299, and cases cited in 5 Am. Jur., Attorneys at Law, §§ 293, 294. The question was left open by this court in *Matter of Keenan*, 287 Mass. 577, 584. In now deciding the issue, for the reasons already advanced based upon the requirements of public policy and the necessity

for preserving the integrity of the courts and the safety of the public, in all the circumstances we choose to follow those authorities that hold such evidence admissible rather than those that cleave to the strict rules of evidence applicable in adversary proceedings at law and in equity.

We are of opinion, however, that the findings of material facts made by the judge in the suit in question in the Superior Court, which are included in the record sought to be introduced in evidence in the present inquiry, are not admissible for the reason that they are not evidence but merely constitute the substance of the conclusions made by the judge from the evidence and are the foundation upon which the decree rests. *Smith* v. *Smith,* 222 Mass. 102. *Sidlow* v. *Gosselin,* 310 Mass. 395, 396–397. When a judge makes a report of facts under the statute, "he does not make a report of the evidence but recites certain facts which he considered as material and which in his opinion formed the basis of his decision. It is . . . a statement of facts in the mind of the judge when his decision was made, which, when included in the record, puts the case in proper form for hearing on the appeal." *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214. It not only should not contain a report of the evidence, but it is not evidence. *Sidlow* v. *Gosselin,* 310 Mass. 395, 396–397. The suit in equity in question was finally determined on the merits in *Boston* v. *Santosuosso,* 307 Mass. 302. The present proceeding is not a suit in equity. It is an independent proceeding, and owing to its nature we think that the record in question is admissible only to the extent of the evidence therein contained, and that the findings of fact of the judge included in the record are not admissible. See *In re O'Brien,* 95 Vt. 167, 178.

The information is remanded to the county court for further proceedings not inconsistent with this opinion.

*So ordered.*