## MATTER OF BARNETT WELANSKY.

Suffolk.    December 3, 1945. — February 16, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Attorney at Law.  Practice, Civil,* Membership in bar.  *Res Judicata. Evidence,* In disbarment proceeding, Previous criminal proceeding, Judicial notice.

A member of the bar of this Commonwealth who had been convicted o involuntary manslaughter, at a subsequent hearing on an order requiring him to show cause why he should not be disbarred, was concluded by the conviction and could not retry the issue of guilt or innocence thereby adjudged.

The mere fact that a member of the bar of this Commonwealth had been convicted of involuntary manslaughter was sufficient to warrant his disbarment although the crime had no relation to any act of his as a member of the bar.

A judge, who had presided at the trial when a member of the bar of this Commonwealth had been convicted of manslaughter, properly took judicial notice, at a subsequent hearing on an order of notice requiring such member to show cause why he should not be disbarred, of the criminal proceedings before him and of the officially reported opinion of this court affirming such conviction.

ORDER, issued by the Superior Court on November 15, 1944, directing Barnett Welansky to show cause why he should not be disbarred.

The case was heard by *Hurley*, J.

*T. N. Creed*, for the respondent.

*A. Hurwitz*, appointed by the court to conduct the proceedings.

WILKINS, J.   The respondent, a member of the bar, was found guilty by a jury of the crime of manslaughter, on ten counts of one indictment and on nine counts of another, in connection with certain deaths at a night club operated by New Cocoanut Grove, Inc., and the judgments were affirmed in this court.  *Commonwealth* v. *Welansky*, 316 Mass. 383. The respondent was sentenced to State prison for a term of not more than fifteen years nor less than twelve years.   The judge who presided at the trial caused to be served upon the respondent an order to appear and show cause why he should not be disbarred from the practice of the law by reason of his conviction.   The respondent filed an answer, denying "that he is guilty of any deceit, malpractice or other gross misconduct as an attorney . . . and more particularly . . . that he is guilty of any of the crimes set out in the order of notice."   Thereafter the respondent appeared with counsel before the judge, and contended that the allegations in the order of notice should be proved. The judge stated that he would take judicial notice of the fact that the respondent was found guilty under the two indictments;  of the fact that the respondent had taken an appeal to this court; and of the opinion of this court, which was reported in 316 Mass. 383.   The respondent's counsel conceded that the records of the court would show that the respondent had been found guilty on nineteen counts of manslaughter, and that the judge must take judicial notice thereof, but argued that such judicial notice did not include the fact that the respondent had committed the crime.   Subject to the respondent's exception, the judge ruled that the respondent should go forward to show cause why he should not be disbarred.   The following colloquy then occurred: "COUNSEL FOR THE RESPONDENT: I take

it first to put Barnett Welansky on the stand and in sub-
stance have him deny that he committed any crime would
simply be taking up the time of the court. Your Honor
will take the position that the record of conviction is absolute
evidence that he did commit the crime?   The JUDGE: Yes.
I do not deny your right to put him on the stand for any
other proper purpose but I don't think it would be neces-
sary to put him on the stand for that purpose. . . . I take
it your client does not wish to be heard?   COUNSEL FOR THE
RESPONDENT: No, sir." The judge later entered an order
of disbarment against the respondent, who filed a claim
of exception.

The principles underlying this type of case have been
fully and frequently stated. It is an inquiry and not an
adversary proceeding. It is neither an action at law in
the strict sense nor a suit in equity. *Boston Bar Associa-
tion* v. *Casey,* 211 Mass. 187, 191–192. *Matter of Keenan,*
287 Mass. 577, 583. The strict rules of evidence may not
invariably apply. See *Matter of Santosupsso,* 318 Mass.
489. "It is in essence a submission to the court of the
alleged facts for investigation by the court and such dis-
position as the court deems proper." *Matter of Santosuosso,*
*supra,* 491. The "true test must always be the public
welfare. Where any clash of interest occurs, whatever is
good for the individual must give way to whatever tends
to the security and advancement of public justice." *Matter
of Keenan,* 314 Mass. 544, 547.

The precise question whether a conviction of a felony
following a not guilty plea is uncontradictable evidence of
guilt in an inquiry of this nature has not been adjudicated
in this Commonwealth. In *Matter of Stern,* 299 Mass. 107,
a member of the bar, who had pleaded guilty to indictments
for larceny, at the instance of the judge who had heard the
pleas was ordered to appear before that judge and show
cause why he should not be disbarred. The original record
shows that the respondent offered no evidence, but gave an
explanation of the reasons underlying his pleas. After a
hearing at which it was admitted that the respondent had
pleaded guilty "as stated," an order of disbarment was

entered, which was upheld in this court. In *Matter of Ulmer*, 268 Mass. 373, in an inquiry into the conduct of a member of the bar weight was given to an order for disbarment in the Federal court. See *Matter of Lyon*, 301 Mass. 30, 35. Compare *Selling* v. *Radford*, 243 U. S. 46. In *Matter of Santosuosso*, 318 Mass. 489, we held that the evidence in a suit in equity in the Superior Court, but not the findings of material facts by the judge, was admissible in an inquiry relative to the conduct of a member of the bar who had been a defendant in that suit.

It is the "traditional rule" and the law of this jurisdiction that "a defendant convicted of crime is entitled to retry the question whether he actually committed the crime, when that issue arises in a civil proceeding to which the Commonwealth is not a party." *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 3. *Silva* v. *Silva*, 297 Mass. 217, 218. In the case last cited it was held that in a hearing upon objections to the entry of a decree absolute of divorce the conviction of the libellant of nonsupport was inadmissible. In *Blackman* v. *Coffin*, 300 Mass. 432, 436–437, evidence of the defendant's conviction, not based on a plea of guilty, upon the charge of operating an automobile while under the influence of intoxicating liquor, and unaccompanied by any evidence of sentence, was held inadmissible to show gross negligence in an action of tort for personal injuries arising out of the same episode. Compare *Morrissey* v. *Powell*, 304 Mass. 268.

We think that the doctrine of *Silva* v. *Silva*, 297 Mass. 217, ought not to enable a respondent attorney, after a conviction of crime that remains unpardoned, to retry in disbarment proceedings the question whether he was in truth guilty. Something different is involved from the logical consequences of guilt upon property rights or the like. A member of the bar whose name remains on the roll is in a sense held out by the Commonwealth, through the judicial department, as still entitled to confidence. A conviction of crime, especially of serious crime, undermines public confidence in him. The average citizen would find it incongruous for the Commonwealth on the one hand to

adjudicate him guilty and deserving of punishment, and then, on the other hand, while his conviction and liability to punishment still stand, to adjudicate him innocent and entitled to retain his membership in the bar.

In many States there are statutes making the record of conviction of certain offences conclusive of guilt in disbarment proceedings.[1]  In other jurisdictions a similar result is reached without any statute.[2]  In one State where there is no statute the question of guilt or innocence is open in disbarment proceedings against one already convicted of crime, but the conviction creates prima facie evidence against him.[3]  It is our opinion that the judge rightly ruled that the respondent was concluded by the conviction, and could not retry the issue of guilt or innocence.

The conviction of the respondent of involuntary manslaughter, which is a felony (G. L. [Ter. Ed.] c. 265, § 13; c. 274, § 1), and which is all that is shown by this record, at least warranted an order of disbarment.  The fact that the crime had no relation to any act of the respondent as a member of the bar did not preclude disbarment.  Discredit may be cast upon the honorable profession of law by conduct outside the profession which reveals unfitness to remain in it.  *Boston Bar Association* v. *Greenhood*, 168 Mass. 169, 183.  *Matter of Carver*, 224 Mass. 169, 172.  *Matter of Stern*, 299 Mass. 107.  *Grievance Committee of the Hartford County*

---

[1] Felony other than manslaughter, or misdemeanor; removal mandatory: *State* v. *Riddle*, 213 Ala. 430, 432.  Felony or misdemeanor involving moral turpitude; removal mandatory: *In re Collins*, 188 Cal. 701, 702–703.  *In re Kerl*, 32 Idaho, 737, 740–741.  *State* v. *Metcalfe*, 204 Iowa, 123.  Treason or felony; removal mandatory: *Commonwealth* v. *Porter*, 242 Ky. 561, 563–564.  Felony, or misdemeanor involving moral turpitude; removal mandatory: *In re Casebier*, 129 Kans. 853, 854, 858.  Same; ground for removal or suspension: *In re Wallace*, 209 Minn. 465.  *State* v. *Edmunson*, 103 Ore. 243, 247.  *In re Kirby*, 10 S. D. 322, 326.  *In re Finch*, 156 Wash. 609, 610.  Offence involving moral turpitude; removal or suspension mandatory: *In re Wallace*, 323 Mo. 203, 206.  Felony; removal mandatory: *Matter of Kaufmann*, 245 N. Y. 423, 426.  *Matter of Patrick*, 136 App. Div. (N. Y.) 450.

[2] Felony, or "misdemeanor which imports fraud or dishonesty"; automatically struck from rolls: *Ex parte Wall*, 107 U. S. 265, 273.  "Serious criminal offenses": *In re Tinkoff*, 95 Fed. (2d) 651, S. C. 101 Fed. (2d) 341, 342–343.  Offence involving moral turpitude ground for disbarment: *In re Needham*, 364 Ill. 65, 69, 71.  Felony, or misdemeanor involving moral turpitude warrants disbarment: *State* v. *Sowards*, 134 Neb. 159, 161.  Concealment of assets; disbarment warranted: *In re Gottesfeld*, 245 Penn. St. 314, 316–317.

[3] *State* v. *O'Leary*, 207 Wis. 297, 300.

*Bar* v. *Broder*, 112 Conn. 263, *S. C.* 112 Conn. 269. The respondent argues that it does not appear that he has been guilty of any acts amounting to misconduct, or involving moral turpitude, or indicating unfitness of character. We are not called upon to decide what might have been the effect of evidence of that nature if the respondent had offered it. The judge afforded the respondent an opportunity to show that the crime was not one disclosing unfitness to remain at the bar. But as the respondent did not care to be heard on the question, the judge was left to decide the matter on the bare fact of conviction of involuntary manslaughter. His decision to order disbarment was free from error.

There likewise was no error in the taking of judicial notice by the judge of the proceedings before him and of the opinion of this court. *Commonwealth* v. *DiStasio*, 298 Mass. 562, 567. *Culhane* v. *Foley*, 305 Mass. 542, 543. *Curley* v. *Boston*, 312 Mass. 58, 61. *Matter of Keenan*, 313 Mass. 186, 189, *S. C.* 314 Mass. 544, 548.

*Exceptions overruled.*