[Civ. No. 26882.   Second Dist., Div. Four.   June 12, 1963.]

ORME LEWIS et al., Plaintiffs and Respondents, v. MILTON LINDER, Defendant and Appellant.

Nathan M. Dicker, Robert L. Dicker and Milton Linder for Defendant and Appellant.

Gibson, Dunn & Crutcher and John L. Endicott for Plaintiffs and Respondents.

JEFFERSON, J.—This is an appeal from a judgment based upon a foreign judgment of the State of Arizona entered on January 21, 1957.

A summary of the facts is as follows: Appellant was personally served with a writ of garnishment in Phoenix, Arizona, on April 15, 1955. Subsequent to the service of the writ, appellant made a motion in the Arizona proceeding to quash service alleging, among other things, lack of jurisdiction of both person and subject matter. The motion to quash was denied and a judgment was entered in favor of Strock and Co., Inc., and against appellant. Appellant then made a motion for a new trial, which motion was granted. Respondents herein intervened in the Arizona proceeding and a second trial was had. Appellant, appearing in the second trial both in person and by counsel, objected to the proceedings on the grounds that he had not been properly served and was not ready to defend the claim. Again, he objected to the jurisdiction of the Arizona court to try the matter, which objection was overruled. He participated in the trial testifying in his own behalf. Judgment was rendered against him. He appealed from the judgment to the Arizona Supreme Court which affirmed the judgment on December 17, 1958.

Appellant contends the trial court in this state committed reversible error in not permitting evidence on the issue of jurisdiction of the Arizona court. This contention is devoid of merit. Appellant contended unsuccessfully in Arizona that the Arizona court was without jurisdiction to try the case against him and judgment was given against him, which judgment was affirmed on appeal.

We agree that as a general rule a judgment of a sister state having no jurisdiction to render the judgment is not entitled to the full faith and credit which the Constitution of the

United States demands and further that the courts of our state will not recognize a judgment of a sister state if that state did not have jurisdiction. However, "If the court of the sister state which rendered the decree has expressly litigated the question of jurisdiction, that determination is res judicata and is itself protected by the full faith and credit clause. The question may not be relitigated in this state. [Citation.] In the *Perkins* case the court declared (p. 743 [55 Cal.App.2d 720 (132 P.2d 70)]): 'The rule that it always may be shown that the judgment of the other state, territory, or country subject to the jurisdiction of the United States is in excess of jurisdiction or affected with fraud, is, however, subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional questions or the matter of fraud, that determination becomes res judicata on those points and is itself protected by the full faith and credit clause. The jurisdictional and fraud questions cannot be relitigated a second time in another state. [Citations.]' " (*Tomkins* v. *Tomkins,* 89 Cal.App. 2d 243, 251 [200 P.2d 821].)

In the case before us the trial court made specific findings:

"Defendant appeared personally and through his attorneys at the trial of the Arizona action . . . , and objected to the jurisdiction of said Arizona Court over the person of said defendant and over the subject matter of the action, which objections were overruled by said Arizona Court. That said Court had jurisdiction over defendant. Defendant either did litigate or had the opportunity to litigate in said Arizona action each of the matters he seeks to litigate in this proceeding, including the Contentions of Defendant set forth in the Joint Pre-Trial Statement filed herein.

"Defendant appealed from said Arizona judgment and the judgment was affirmed by the Supreme Court of Arizona. The reported opinion of the Supreme Court of Arizona in affirming said judgment appears in 333 *Pacific Reporter,* second series, commencing at page 286 [*Linder* v. *Lewis, Roca, Scoville & Beauchamp,* 85 Ariz. 118 (333 P.2d 286)] and continuing to page 293. Said judgment is now final.

"Said Arizona judgment is res judicata as between the parties hereto, is entitled to full faith and credit in the State of California, and is not subject to collateral or other attack by defendant herein."

We conclude appellant did appear in the Arizona proceed-

ing. The question of jurisdiction was litigated there. The decision is res judicata and is entitled to full faith and credit from the State of California.

Judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.