[Civ. No. 30090. Second Dist., Div. Four. Apr. 18, 1967.]

LEONARD J. SANPIETRO et al., Plaintiffs and Respondents, v. GEORGE E. COLLINS et al., Defendants and Appellants.

Alexander, Inman & Fine and Jack D. Fine for Defendants and Appellants.

Pollock & Deutz, John P. Pollock and George E. Stephens, Jr., for Plaintiffs and Respondents.

BISHOP, J. pro tem.*—The defendants are appealing from a summary judgment entered in this action, which is based upon a summary judgment entered in a superior court in Arizona.

We are satisfied that the declaration in support of plaintiffs' motion in this action contained facts entitling them to the California judgment which they obtained, and that the defendants failed to set forth facts showing that they had a good or substantial defense to plaintiffs' cause of action. In such a situation a summary judgment in plaintiffs' favor is authorized by section 437c, Code of Civil Procedure, and so it is that we are affirming the judgment from which the defendants have appealed.

Not much light is thrown upon our picture by the pleadings. The complaint attaches and incorporates by reference a copy of the Arizona summary judgment awarding $17,958.04 to the plaintiffs Sanpietro, together with interest and $1,795.80 as attorney fees, no part of which, it is alleged, has been paid. The defendants Collins answered by denying everything except that the Arizona superior court existed and adding, affirmatively, (1) that the Arizona court "had no personal jurisdiction" over them, and (2) that the Arizona action, leading to its summary judgment was brought upon a promissory note given by the defendants to the plaintiffs in consideration for the purchase by the defendants of real property, and so the Arizona judgment is void because it arose

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

upon a cause of action "which is abhorrent, contrary, inconsistent with, and obnoxious to the laws and the public policy" of this state.

The California motion for a summary judgment was supported by the declaration of one of the attorneys who had represented the plaintiffs in Arizona, Robert P. Davidson. A certified copy of the record in the Arizona action is attached to the Davidson declaration and by apt reference made a part of it. This serves to bring before us the complaint in that action, filed October 16, 1962, which names as defendants our appellants and five others. There is alleged the execution of an agreement between the present plaintiffs and a married couple on August 2, 1960, whereby some Arizona property, subject to several encumbrances, was sold by the plaintiffs to the couple whose interest and obligations by a succession of transfers came into our defendants' hands. They, in turn, sold out to an Arizona corporation which undertook to meet the obligations that had been passed along. The prayer of the complaint was first for a decree of specific performance but, if that could not be granted, then for a judgment of $17,958.04, interest, and attorney fees.

Our defendants, through their attorneys, "specially appeared in the action" and filed a motion to dismiss it based on three grounds: (1) lack of jurisdiction over the person of the defendants; (2) insufficiency of process; and (3) insufficiency of service of process. In the body of the motion it was stated that the defendants were California citizens; that there was no showing that they were a person who has caused an event to occur in the State of Arizona, but were served with alias summons at their home in California. On May 2 an "Opposition to Motion to Dismiss" was filed by plaintiffs' counsel, supported by an affidavit containing allegations at least intended to show that quite a few of the defendants' actions caused events to take place in Arizona. The minute entry for July 5, 1963, recited that that was the time set for hearing oral argument on defendants' motion to dismiss; that counsel for plaintiffs was present; that counsel for defendants Collins waived appearance; and that it was ordered that the motion was denied and that the defendants Collins had fifteen days to answer the complaint.

Fourteen days later, on July 19, the defendants Collins filed an answer to the complaint in which, after admissions and denials, they prayed that plaintiffs take nothing; that they have their costs and "for such other and further relief as

to this Court may seem just and proper.'' This answer was verified by defendant George Collins.

In the middle of August of 1963 plaintiffs filed a motion for the entry of a summary judgment against the defendants Collins. In its support there was presented an affidavit by Robert P. Davidson, an attorney-in-fact for the moving parties, and a memorandum of points and authorities. The minutes of October 21, 1963, tell us that counsel for each party was present; and the matter was submitted for determination without argument. The judgment was signed and approved January 29, 1964. The defendants appealed, but that appeal was dismissed upon motion of the plaintiffs, ''no Bond on Appeal nor Affidavit in lieu of Bond'' having been filed.

The defendants Collins took no action to oppose the motion for a summary judgment in Arizona, but did oppose the motion in California, filing a declaration of the defendant husband on May 4, 1965, which covered the following matters: (1) he and his wife were at all pertinent times, and are, residents of Los Angeles County, where they were served with process in the Arizona case. All negotiations relative to the purchase of the property involved took place in California; all documents were signed there; they held title between January 15, 1962, to the following July 27 when they sold the property to Western Mortgage Exchange, their purchaser assuming all their obligations in connection with the property.

Now we come to the phase of the situation upon which the appellants place great reliance and hope. Shortly after being served with papers in the Arizona action, the defendant husband ''consulted counsel in Arizona concerning his liability thereunder and his defenses thereto.'' He was advised ''that the law was uncertain as to whether a personal judgment could be obtained against him in the lawsuit.'' ''He was further advised that he could choose whether to *argue such questions* in the Arizona court . . . or . . . in the California courts where he resided . . . but that he could not actually present these questions *and have them argued,* in both places.'' (The emphasis is placed by us because it appears to be that of appellants' counsel later.)

In response to this advice, the defendant husband told his counsel that he preferred to make his stand in California; however, he was about to enter into a business transaction in Arizona, and hoped that the lawsuit would not interfere with it. ''After several conferences and much discussion with his attorneys, he decided that he would have to take his chances

on the injury to his credit, as he wanted to litigate the matter in California rather than in Arizona. He did, however, agree upon a course of action suggested by his attorneys to the effect that they would apprise the Arizona court of the jurisdictional questions which existed in the case without actually pressing it, or submitting it to the court's jurisdiction to decide." The policy to be followed was summed up in defendants' affidavit in these words: "That he specifically instructed his said attorneys that he wanted to have the defenses tested in California rather than in Arizona, and that they assured him at all times that they would act accordingly and not actually fight the case in Arizona." "Shortly thereafter" he signed some papers in the Arizona case; was told that the court had not dismissed the Arizona action, "but that there had been no contested hearing on the matter, they had not appeared in court on it, and that therefore as they understand the law, the matters had not been litigated."

With this background, the appealing defendants contend that the Arizona judgment did not afford a basis for the summary judgment in California. They insist, for one thing, that the Arizona judgment runs afoul of the California policy embodied in section 580b of our Code of Civil Procedure, which forbids a deficiency judgment after a sale of real property where the purchaser has failed to carry out his contract of purchase. Without examining the facts closely to see whether or not the premise of the contention is good and the Arizona judgment recognized an obligation that our policy condemns, the contention runs afoul of the rule thus stated in Restatement, Conflict of Laws, section 446, as quoted in *Harrah* v. *Craig* (1952) 113 Cal.App.2d 67, 69 [247 P.2d 855, 856] : " 'The Constitution of the United States requires a State . . . to enforce a valid judgment for the payment of money . . . if it was rendered in another State . . . although it would have been contrary to the public policy of the forum to allow action on the original claim.' " See also statement in *Biewend* v. *Biewend* (1941) 17 Cal.2d 108, 111-112 [109 P.2d 701, 704, 132 A.L.R. 1264] : "It is well settled that once a valid judgment has been rendered it must be accorded full faith and credit by every other court within the United States even though the cause of action upon which the judgment was based is against the law and public policy of the state in which enforcement is sought."

Were the Arizona law the same as ours, we would have a ready answer to the contention that its court had no

jurisdiction over the persons of the defendants. We would but point to the fact that whatever else may be true, they made a general appearance by filing their answer to the complaint, and may not question the court's jurisdiction over them personally. In Arizona, they point out, a general appearance and a motion to dismiss for lack of personal jurisdiction are not inconsistent; both may be pursued, citing *Mackey* v. *Spangler* (1956) 81 Ariz. 113 [301 P.2d 1026, 1029] which in turn cites *D. W. Onan & Sons* v. *Superior Court* (1947) 65 Ariz. 255 [179 P.2d 243, 245].

Without doubt, the Arizona procedural law has been varied from ours at this point, but it has not been made to appear that where, as in this case, there was a motion to dismiss on the ground that proper steps to give the court jurisdiction of the person had not been taken, the motion was factually opposed and then denied, with leave to the defendants to file an answer to the complaint, the jurisdictional question can again be raised except by direct appeal. The situation, rather, falls within the principle enunciated in *Lewis* v. *Linder* (1963) 217 Cal.App.2d 150, 151-152 [31 Cal.Rptr. 563, 564] : "We agree that as a general rule a judgment of a sister state having no jurisdiction to render the judgment is not entitled to the full faith and credit which the Constitution of the United States demands and further that the courts of our state will not recognize a judgment of a sister state if that state did not have jurisdiction. However, 'If the court of the sister state which rendered the decree has expressly litigated the question of jurisdiction, that determination is res judicata and is itself protected by the full faith and credit clause. The question may not be relitigated in this state. [Citation.] In the *Perkins* case the court declared (p. 743 [55 Cal.App.2d 720 (132 P.2d 70)]) : "The rule that it always may be shown that the judgment of the other state, territory, or country subject to the jurisdiction of the United States is in excess of jurisdiction or affected with fraud, is, however, subject to the limitation that if the court of the state which rendered the judgment has expressly litigated the jurisdictional questions or the matter of fraud, that determination becomes res judicata on those points and is itself protected by the full faith and credit clause. The jurisdictional and fraud questions cannot be relitigated a second time in another state. [Citations.]" ' (*Tomkins* v. *Tomkins*, 89 Cal.App.2d 243, 251 [200 P.2d 821].)"

The circumstance that the Arizona court's adjudication that it had jurisdiction of the defendants was triggered by a

motion to dismiss rather than as a step in an action, should make no difference in the effect to be given it, in view of the legislation considered in *D. W. Onan & Sons* v. *Superior Court, supra,* 65 Ariz. 255 [179 P.2d 243], and surely it is not the rule that a party may notice a motion, then having a full opportunity to be heard in its support, remain silent and, if it is denied, insist that it does not affect him because he did not argue it. We do not so interpret the remarks of our Supreme Court in *Heuer* v. *Heuer* (1949) 33 Cal.2d 268, 271 [201 P.2d 385, 387]. See also, 1 Witkin, California Procedure (1954) Jurisdiction, section 160, page 428.

We have concluded not only that plaintiffs made out a prima facie case for the summary judgment that was awarded them but that the defendants failed in both their attempts to defeat it. The full faith and credit to be given the Arizona judgment permits no testing of its policy by ours, nor further debate about the jurisdiction that it had challenged and decided it possessed.

The judgment is affirmed.

Files, P. J., and Kingsley, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 14, 1967.