**In re Kline D. STRONG, Disciplinary Proceedings.**

**No. 16438.**

Supreme Court of Utah.

July 17, 1980.

Robert A. Burton and Glenn C. Hanni of Strong & Hanni, Salt Lake City, for appellant.

Jim L. Wilson, Salt Lake City, for respondent.

BUNNELL, District Judge:

This proceeding is to review the findings and determination of the Utah State Bar that Kline D. Strong, appellant, has engaged in unprofessional conduct and its recommendation that he be disbarred from the practice of law in the State of Utah.

The matter was heard by a hearing panel of the Utah State Bar that entered its findings that appellant had violated specific rules of the Code of Professional Conduct and recommended to the Board of Commissioners that appellant be disbarred. The Board of Commissioners approved and adopted the findings of the hearing panel and has recommended to this Court that the appellant be disbarred from the practice of law in the State of Utah.

A lengthy dissertation of the background facts that led to the panel hearing and findings and the recommendation to this Court would serve no purpose except as hereinafter summarized.

In 1959, the appellant, K. Jay Holdsworth and Paul Tanner formed a Utah corporation known as Sans-Copy. Each owned a portion of the corporate stock. After 1962, the appellant had control and supervision of all Sans-Copy operations. In March of 1972, based upon alleged representations made by the appellant to Holdsworth as to the financial condition of the corporation, Holdsworth sold all of his stock in the corporation to appellant. On May 9, 1973, Mr. Holdsworth learned of facts that led him to believe that the representations made by the appellant were false and on May 18, 1973, Holdsworth gave notice of rescission of the

sale, tendered return of the consideration, and demanded return of the corporate shares. Holdsworth then filed suit against the appellant in the United States District Court Of The District Of Utah seeking rescission of the stock sale. The civil action was commenced on May 31, 1973.

Trial was held in the civil action before Judge Ritter sitting without a jury. On December 21, 1974, Judge Ritter signed findings of fact and conclusions of law and entered judgment based upon a finding that the appellant had committed common law fraud in the stock sale and purchase transaction. The findings of fact contained thirty-six numbered paragraphs and recited in detail conduct on the part of the appellant found by the Judge to be an intentional device, scheme and artifice to defraud Holdsworth.

The District Court decision was appealed to the Tenth Circuit Court Of Appeals where the decision as to the common law fraud aspect of the case was affirmed on July 8, 1976. Petition For Certiorari to the United States Supreme Court was denied on or about April 4, 1977.

On December 24, 1974, Merlin R. Lybbert, Chairman of the then designated Disciplinary Screening Committee, sent to Dean Sheffield, Executive Director of the Utah State Bar and Secretary to the Disciplinary Screening Committee, a copy of Judge Ritter's findings of fact and conclusions of law with the body of the letter stating as follows:

> I am enclosing Findings of Fact and Conclusions of Law, together with a Decree entered by Judge Ritter on December 21, 1974.
>
> In view of the findings I see no alternative but to place the matter on our calendar in the usual way.

On January 2, 1975, Dean Sheffield sent a letter to appellant, with a copy of the federal judge's findings of fact and conclusions of law attached, which stated as follows:

> A complaint has been lodged against you with the Disciplinary Screening Committee of the Utah State Bar stemming from the case Holdsworth vs. Strong, No.

C 190–73 in the Federal District Court for the Central Division of Utah.

> A copy of the Findings of Fact, Conclusions of Law and Decree are enclosed herewith.
>
> Pursuant to the rules of the Screening Committee, you are requested to respond to the Screening Committee, in writing, within ten days, to the Findings and Conclusions as they relate to charges of wrongdoing on your part.

At the time that the letter was received by Mr. Sheffield from Mr. Lybbert, the Utah State Bar Office set up a file regarding this matter and gave it a number which was 1–505. On January 8, 1975, Clifford L. Ashton, the then acting attorney for the appellant, sent a letter to Dean Sheffield requesting a copy of the complaint and a copy of the rules of the Screening Committee.

A response was sent back to Mr. Ashton by Mr. Sheffield on January 31, 1975, informing appellant's attorney that the matter would be held in abeyance until the appeal of the Holdsworth v. Strong case had been concluded in the Circuit Court and any pending appeals were finally determined.

A subsequent accusation of improper conduct on the part of Strong was filed with the Utah State Bar by K. Jay Holdsworth that was dated April 8, 1976, setting forth the same factual matters as were presented in the civil case between Holdsworth and Strong and for the most part contained in the federal judge's findings of fact. There seems to be some dispute between the appellant and the Bar Commission as to when the Holdsworth accusation or complaint was filed with the Bar Commission office. Holdsworth testified at the hearing that he had delivered the complaint to the office on the day it bears date, April 8, 1976, although the bar office did not set up a file or assign it a number (6–719) until June 1, 1976, at which time a copy of the complaint of Holdsworth with a request for response was sent to the appellant by Dean Sheffield. The hearing panel found that the

accusation made by Holdsworth was filed on April 8, 1976. However, because of the conclusions hereinafter reached, it is not necessary to address the question of whether the finding relative to the filing date is substantiated by the evidence.

Thereafter, the two accusations against the appellant (1–505 and 6–719) were considered together by the Screening Committee, since they both involved the same subject matter, and a formal prosecutive complaint before the Board Of Commissioners of the Utah State Bar was filed and served upon the appellant on September 29, 1977. Thereafter, discovery procedure was instituted and motions to dismiss and for summary judgment were filed and disposed of and the formal answer of the appellant was filed on December 4, 1978, and trial was held before the hearing panel on January 10 and 11 of 1979 and was continued to and concluded on March 2, 1979.

The appellant seeks reversal of the Bar Commission's recommendation of disbarment on the ground that the applicable three-year limitation period within which to commence disciplinary actions had expired at the time that the complaint was properly filed against the appellant, or, as a first alternative, that the matter be remanded to the Bar Commission for a full evidentiary hearing at which time the findings of fact and conclusions of law made by the judge in the federal case of Holdsworth v. Strong be given no collateral estoppel or evidentiary effect, or, as a second alternative, that the Court impose a lesser penalty of reprimand.

Before proceeding to deal with these issues presented, it may be well to restate the general consideration of the nature of a disciplinary proceeding. Many statements have been made by various courts in which the required character of members of the Bar and the powers and duties of the Court with respect to admissions to and removal from the Bar are considered. They are eloquently summarized *In The Matter Of Keenan*, 314 Mass. 544, 50 N.E.2d 785, where the Court said:

> The right to practice law is not one of the inherent rights of every citizen, as is the right to carry on an ordinary trade or business. It is a peculiar privilege granted and continued only to those who demonstrate special fitness in intellectual attainment and in moral character. All may aspire to it on an absolutely equal basis, but not all will attain it. Elaborate machinery has been set up to test applicants by standards fair to all and to separate the fit from the unfit. Only those who pass the test are allowed to enter the profession, and only those who maintain the standards are allowed to remain in it. To those who acquire and who retain the necessary qualifications is granted a monopoly of the honors and emoluments of a profession which more than any other is public in its nature and intimately connected with the highest functions of the State.

> Such a monopoly in a quasi public occupation is in no sense promoted and fostered for the personal advantage of individuals. It can be justified only on the ground that long experience has shown it to be absolutely essential to the public welfare. All this is familiar enough. It is adverted to here only for the purpose of emphasizing at the outset that in deciding a case of this kind considerations of public welfare are wholly dominant. The question is not whether the respondent has been "punished" enough. To make that the test would be to give undue weight to his private interests, whereas the true test must always be the public welfare. Where any clash of interest occurs, whatever is good for the individual must give way to whatever tends to the security and advancement of public justice.

> Thus, the preservation of the integrity of the Courts and the safety of the public must rise above the strict technical rules of evidence that govern the usual adversary proceeding between individuals. This is not a proceeding to determine conflicting claims of right where one party prevails over the other. This proceeding is commenced by an accusation being made of misconduct where no specific relief is demanded or requested. The accusation re-

sults in an investigation from which the matter may be dismissed completely or other appropriate action taken. The action is not an action at law in the strict sense nor a suit in equity. The attorney against whom the accusations have been made is entitled to a fair hearing and an opportunity to know all that he must meet and the right to present such evidence as he may be able to produce to rebut or overcome the allegations of misconduct; thus, Rules Of Discipline of the Utah State Bar covering this type of hearing have been adopted and approved by this Court.

The appellant contends that Rule V(3) of the Revised Rules Of Discipline (hereinafter referred to as rules) was not complied with in that no complaint was filed within the three-year limitation period imposed by that rule. The rule states as follows:

No improper conduct by a member of the Bar shall be a basis for disciplinary action against such member, unless such disciplinary action *is initiated* against such member in the manner by these rules provided within three years from the discovery by the aggrieved party of the facts upon which such action is based. [Emphasis added.]

In order to determine when a disciplinary action is initiated, a general review of the procedures set forth by the rules would be helpful. The rules provide as follows:

1. An accusation of improper conduct may be made by any person in writing by filing it with the secretary of the Utah State Bar setting forth facts upon which it is based.

2. Notice of the accusation is sent to the member of the Bar complained against with a copy of the writing and he is given ten days within which to file a reply to the accusation if he chooses to do so.

3. The accusation and reply, if one is filed, are then referred to the Screening Committee.

4. The Screening Committee may take any of the following actions:

   A. Dismiss if they find no violation of the Code Of Professional Conduct.

   B. Refer for investigation and then either:

   (1) File a prosecutive complaint;

   (2) Refer the matter to the Bar Commissioners with recommendation of private censure;

   (3) Dismiss the complaint (accusation).

As appears obvious from the procedures outlined, there is a distinction between the original accusation or complaint and the filing of the prosecutive complaint. The disciplinary action is initiated by the filing of the first accusation of improper conduct. The facts in this case disclose that Merlin R. Lybbert, who was a member of the Disciplinary Committee and certainly a person within the meaning of the rules, on December 24, 1974, sent to the Executive Secretary of the Utah State Bar the findings of fact and conclusions of law and decree of Judge Ritter which contained in writing a full and complete statement of facts of improper conduct on the part of the appellant. He further asked that the matter be placed on the calendar of the Screening Committee to be dealt with "in the usual way." Mr. Sheffield, as provided in the rules, sent notice to the appellant of the initiation of the proceedings against him and delivered him a copy of the findings of fact and conclusions which contained the statements of the accusations against him and requested his reply to "the findings and conclusions as they relate to charges of wrongdoing on your part." It further appears from the facts that the aggrieved party, Holdsworth, became aware of the alleged misconduct in May of 1973.

■ It seems clear that the disciplinary action was initiated on December 24, 1974, in accordance with the rules by the filing of the written statement setting forth in factual detail improper conduct, and appellant was fully apprised of its initiation within a few days thereafter and was given a copy of the the factual allegations against him, and the letter of Mr. Lybbert with its attachment was treated in every respect by the Bar Commission and their Screening Committee as an accusation of improper

conduct. The rules had been complied with in this regard, and the disciplinary action was initiated within the period of limitation as set forth in the rules.

■ The hearing committee of the Utah State Bar accepted as evidence the findings of fact of the federal judge who heard the civil case and from those findings of fact made their findings and conclusions that the appellant had violated the Code Of Professional Conduct and the hearing committee would not allow introduction of any evidence on any matter covered in the federal trial or by its findings or any matter that tended to impeach or discredit those findings.

The Hearing Panel's finding number 9 is as follows:

As determined at the Pre-Trial Hearing and in the Pre-Trial Order, the Hearing Panel is bound by the Findings of Fact, Conclusions of Law and Decree and Decision of the Tenth Circuit Court of Appeals in the said litigation in the United States District Court (Holdsworth vs. Strong, No. 190–73), and that the same are, therefore, adopted as part of these findings, are attached and incorporated by reference;

.    .    .    .    .

The Pre-Trial Order dated September 29, 1978, is as follows:

The Panel will not re-hear evidence relating to matters covered by and included within the Judgments and Orders of the United States District Court and the United States Circuit Court of Appeals.

The ruling of the committee in this regard would be correct under ordinary circumstances where a subsequent trial is being held involving the same parties, each represented by counsel, and where the same legal issues were litigated. However, this is not an adversary proceeding.

Findings of fact are not evidence but merely constitute the substance of the conclusions made by the judge from the evidence and are the foundation upon which the decree rests and puts the case in proper form for hearing on appeal. They are a statement of the facts in the judge's mind when his decision is reached and upon which his final judgment and decision rest. He does not give a report on the evidence introduced but merely outlines the material facts that he is relying on to reach a conclusion.

Section 78–51–16, of the Utah Code, gives the member of the Bar complained against the right "to defend by the introduction of evidence and the examination of witness called against him, . . . and, upon his request, a public hearing. He shall also have the right to have witnesses subpoenaed to appear and testify or produce books, papers, documents or other writings necessary or material to his defense . . ." It is true that the appellant had all of these rights in the civil trial before the Federal Court, but this section is followed by Section 78–51–18 which requires that the Board make findings and report to the Supreme Court of the result of its *hearings* and *investigation* and conclusion. The Supreme Court may then review the action of the Board and may inquire into the merits of the case.

To merely adopt the findings of some other tribunal would be contrary to the obvious intent of the statute that requires the Board to make its own findings based upon an evidentiary hearing. Therefore, this matter is remanded to the Utah Bar Commission to conduct an evidentiary hearing as required.

■ In order to clarify the status of the evidence to be introduced at the hearing, this Court should address an issue touched on by both parties in their brief that needs clarification. This involves the status of the transcript of the evidence and the record from the trial in the Federal Court that led to the accusations of misconduct.

Other courts have considered this question and have reached differing conclusions. However, what appears to be the majority of the courts have considered this matter, and the better reasoned cases have concluded that the record in the prior civil trial, assuming it meets all of the basic requirements is admissible in this type of inquiry

and, like any other evidence, is to be given such weight as the hearing body shall deem proper when considered together with all other relevant evidence that the accused may wish to adduce.[1]

The Iowa Supreme Court in the *Wright* case[2] stated:

> The conclusions reached by the jury and our affirmation in the prior civil case are not binding or conclusive on the issues examined here. But the parties may introduce the entire transcript of the prior case in which respondent was a party.

Therefore, we hold that the record in the prior civil proceeding is admissible where relevant in the disbarment hearing.

In view of the ruling stated herein, the court need not address the second alternative urged by the appellant.

MAUGHAN and HALL, JJ., and RONALD O. HYDE, District Judge, concur.

WILKINS, J., concurs in result.

CROCKETT, C. J., and STEWART, J., having disqualified themselves, do not participate herein.

---

1. *In Re Lacy*, 234 Mo.App. 71, 112 S.W.2d 549; *In Re Pate*, 232 Mo.App. 478, 119 S.W.2d 11; *State v. Gudmundsen*, 145 Neb. 324, 16 N.W.2d 474; *Werner v. State Bar*, 24 Cal.2d 611, 150 P.2d 892; *Fairfield County Bar v. Taylor*, 60 Conn. 11, 22 A. 441; *In Re Santosuosso*, 318 Mass. 489, 62 N.E.2d 105 (1945); *Committee on Professional Ethics v. Wright*, Iowa, 178 N.W.2d 749 (1970); and *Caldwell v. The State Bar Of California*, Cal., 531 P.2d 785 (1975).

2. *Committee on Professional Ethics v. Wright*, supra, note 1.