Christopher M. Maisel, Austin, Tex., Lambertus Jansen, Salt Lake City, for defendants and respondents.

Anthony G. HARRIS, Receiver of Mobile Insurance Company, Plaintiff and Appellant,

v.

Robert BRIGGS and Intermountain General Agency, Inc., Defendants and Respondents.

No. 16841.

Supreme Court of Utah.

Dec. 2, 1980.

WILKINS, Justice:

This is an appeal by Anthony G. Harris, who as receiver for the Mobile Insurance Company, a Texas corporation, commenced this action to enforce a Texas judgment against Defendants Robert Briggs and Intermountain General Agency, Inc. The Third District Court denied plaintiff's motion for summary judgment and granted defendants' motion on the basis that the Texas court lacked *in personam* jurisdiction over defendants.

On May 1, 1972, defendants entered into a general agency agreement with Mobile

Insurance Company (hereafter "Mobile"), located in Dallas, Texas. Pursuant to that agency agreement defendants solicited, sold, and issued insurance policies in Utah written by Mobile. On a monthly basis defendants collected and remitted premiums to the insurance company. Policies were issued from Texas and loss claims were filed there where they were reviewed and acted upon. An account was established in Texas between Mobile and the defendants relating to payments made pursuant to the agency contract.

On August 21, 1975, delinquency proceedings were commenced by the State of Texas against Mobile under Articles 21.28 and 21.-28–C of the Texas Insurance Code. Mobile was placed in receivership and plaintiff's predecessor, Herbert Crook, was duly appointed as receiver.

On August 19, 1977, Crook filed a complaint against defendants alleging the existence of the general agency agreement between defendants and Mobile, and that defendants were delinquent in paying earned premiums and returning unearned commissions owed to Mobile. This action was filed in the Travis County District Court in Texas. Defendants filed a special appearance and motion to quash, attacking the jurisdiction of the Texas court on August 31, 1977. Subsequently, an amended complaint was filed which was served on defendants on March 27, 1978, by the method of service upon the Texas Secretary of State in accordance with Article 2031b, Tex.Rev.Civ. Stat.Ann. Actual notice was thereafter given to the defendants by the Texas Secretary of State. Defendants answered this complaint, preserving their special appearance in March, 1978.

Thereafter, plaintiff filed a brief in opposition to the special appearance of the defendants, and the motion to quash was noticed for hearing on September 14, 1978. On July 18, 1978, notice of the September hearing was given to defendants by the District Court in Texas. Plaintiff's counsel in Texas also advised defendants' counsel by letter that the hearing was scheduled for September 14, and furthermore that the trial of the matter was set for September 21, 1978.

On September 14, defendants failed to appear at the hearing on their special appearance. Plaintiff presented evidence and the Texas court entered its order overruling defendants' special appearance. Defendants took no further action on this ruling and did nothing further with regard to their answer. Trial was held on September 21, 1978, but again defendants did not appear. At the trial plaintiff presented evidence in support of his complaint, and after reviewing the file and considering the evidence, the Texas court entered judgment against the defendants. No appeal was taken by defendants and so the judgment became final.

On January 29, 1979, plaintiff filed a complaint in the Utah District Court seeking to enforce the Texas judgment. Plaintiff moved for summary judgment, arguing that the Texas judgment was entitled to full faith and credit and to be enforced as a matter of law. Defendants also moved for summary judgment on the ground that the Texas court never acquired jurisdiction over them and therefore the judgment was void.

Plaintiff raises three points on appeal. He first argues that the Utah District Court erred in holding that the Texas judgment was not entitled to full faith and credit. He next argues that even if the Texas judgment is not entitled to full faith and credit, the District Court erred in holding as a matter of law that the Texas court did not have valid *in personam* jurisdiction over the defendants. Finally, plaintiff contends that the District Court erred in holding that because of potential third-party claims by defendants against their Utah sub-agents, this matter must be litigated in Utah.

Article IV, Section 1, of the United States Constitution provides:

Full Faith and Credit shall be given in each State to the Public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the manner in which such Acts, Records, and Proceedings shall be proved and the Effect thereof.

Pursuant to the mandate of the second clause of the foregoing provision, Congress enacted the Act of 1790, now codified in 28 U.S.Code, § 1738, which provides in pertinent part:

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law of usage in the courts of such State, Territory or Possession from which they are taken.

Defendants' primary argument against enforcing the Texas judgment in Utah is their contention that the Texas court lacked *in personam* jurisdiction over them and hence enforcement of that judgment would deprive them of due process of law. Plaintiff counters that the jurisdictional issue was raised and decided in the Texas court and cannot, consistent with the requirements of full faith and credit and res judicata, be relitigated here.

This Court has recently had occasion to examine the extent to which full faith and credit and res judicata allow examination by a Utah court into a sister state's prior determination that it (the latter) had jurisdiction when a judgment of that sister state is sought to be enforced here. In *Fullenwider Company v. Patterson,*[1] we stated:

[I]f the same issue as to the jurisdiction was raised and adjudicated therein, then the determination of that issue becomes res judicata, and is entitled to full faith and credit, the same as any other issue that has been so determined.[2] (Footnote omitted.)

The Restatement of Judgments, Section 9, likewise states the foregoing rule, and the following language from *Comment a* to that Section is particularly apt and descriptive of the situation here.

Where an action is brought against a defendant over whom the court has no jurisdiction, and the defendant does not appear in the action and judgment is rendered against him by default, the judgment is void... If the defendant enters a general appearance in the action, the court thereby acquires jurisdiction and a judgment thereafter rendered is not void... Where, however, the defendant appears in the action only to object that the court has no jurisdiction over him, that is where he enters a special appearance, the court does not acquire jurisdiction over him because of his appearance ... except to decide the question so raised. But if the court determines that it has jurisdiction over him, even though that determination is erroneous on the facts ... or on the law ..., the determination is res judicata between the parties. This is an application of the general principle of res judicata, precluding the parties from relitigating a matter determined by a court after a fair opportunity has been afforded to them to litigate the matter...

\* \* \* \* \* \*

The defendant, having submitted the question of jurisdiction to the court, the court has jurisdiction to determine the question of its jurisdiction over the defendant, and the determination of that question is res judicata.

The record here shows that it was defendants who raised the issue of the Texas court's *in personam* jurisdiction. This they did by their special appearance and motion to quash. It matters not, in our view, that after so raising the issue defendants apparently abandoned it by failing to appear at the September 14 hearing. In *San Pietro v. Collins,*[3] the California Court of Appeal, when faced with a similar fact situation, stated:

[S]urely it is not the rule that a party may notice a motion, then having a full

1.  611 P.2d 387 (1980).

2.  Id., at 389. See, also, *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963); *Sherrer v. Sherrer*, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); *Baldwin v. Iowa State Travelling Men's Association*, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

3.  250 Cal.App.2d 203, 58 Cal.Rptr. 219, 223 (1967).

opportunity to be heard in its support, remains silent and, if it is denied, insist that it does not affect him because he did not argue it.

In sum, we hold that in the face of the record of the Texas judgment, it was error for the District Court to refuse to give full faith and credit to the Texas judgment and proceed to decide the jurisdictional issue anew. This matter is therefore reversed and remanded with instructions that judgment be entered for plaintiff on the Texas judgment.

As the foregoing is dispositive of this matter we do not address the additional issues raised by plaintiff. Costs to plaintiff.

CROCKETT, C. J., HALL and STEWART, JJ., and HENRIOD, Retired Justice, concur.

MAUGHAN, J., does not participate herein.